HOME SAVINGS BANK OF THE CITY OF ALBANY, Respondent, *v.* MICHAEL D. REILLY, Appellant.

Third Department, May 9, 1951.

*Desmond F. Reilly* for appellant.

*Francis H. Trombly* for respondent.

HEFFERNAN, J.   Respondent is a domestic savings bank corporation and the owner of real property in the city of Albany upon which there is located a building, part of which is devoted to its banking rooms and the remainder of which is used as a business office building in which it leases and rents office space to various tenants.

Appellant is now and has been for many years a tenant in respondent's office building under various leases the last of which expired on April 30, 1948.

On March 31, 1948, chapter 679 of the laws of that year, known as the " Albany Business Rent Control Law," became effective. That statute was subsequently amended by chapter 483 of the Laws of 1949 and chapter 114 of the Laws of 1950 by which its provisions were extended to July 1, 1951.

On April 14, 1948, respondent served upon its tenants, including appellant, a notice in compliance with the provisions of sections 4 and 5 of the statute.  Appellant declined to accept the new lease which respondent stated in its notice that it was willing to execute and he has since continued his occupancy of the premises.

Thereafter and on May 28, 1948, respondent instituted a proceeding in the Supreme Court under the provisions of the statute in question, wherein it sought to have a reasonable rent fixed for the premises occupied by its tenants.

That proceeding resulted in an order fixing the reasonable rent of the premises occupied by appellant as of May 28, 1948, at $2.50 per square foot instead of $2 per square foot, the amount theretofore paid by him.  This order was entered in the clerk's office of Albany County on September 9, 1949.

Respondent appealed from that order and the determination was affirmed by this court (276 App. Div. 715). Our order of affirmance was entered in the clerk's office on May 12, 1950.

For the period commencing June 1, 1948, and ending May 31, 1950, appellant paid rent for the demised premises at the old rate of $2 per square foot. Upon his refusal, after demand, to pay at the new rate, respondent instituted this action to recover the difference between the rental calculated at $2 per square foot and that calculated on the basis of $2.50 per square foot from June 1, 1948 to May 31, 1950.

Section 5 of the law in question dealing with the fixation of rents provides, *inter alia:* " The rent to be so fixed shall be a reasonable rent based on the fair rental value of the tenant's business space *as of the date the application to the supreme court or submission to arbitration is made.*" (Italics supplied.)

The sole contention of appellant is that the statute permits the collection of a " reasonable rent ", only from the date of the affirmance of the decision of the Special Term by this court.

We are convinced that appellant's argument must be rejected. His lease expired on April 30, 1948. He refused to accept the new lease which respondent tendered to him. He thereupon became a statutory tenant. Then, too, the statute expressly provides that the rent fixed by the Supreme Court shall be operative from the date of the application.

The New York City Commercial Rent Law in effect in 1948 contained a provision identical with that which we have quoted from section 5 of the Albany statute. (L. 1948, ch. 676, § 4.) The Appellate Division of the First Department, in construing the New York law held that the rent fixed by the court was to be determined as of the date of the application to the Supreme Court (*Matter of Barry Equity Corp.* [*Marcia Hat Co.*], 276 App. Div. 685; *Matter of Jewelry Center Co.* [*Lucas*], 277 App. Div. 856). Under the statute as interpreted by these decisions it follows that the date of the application to the Supreme Court is controlling.

The order and judgment appealed from should be affirmed, with costs.

Foster, P. J., Brewster, Deyo and Bergan, JJ., concur.

Order and judgment affirmed, with costs.